IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RAFAEL HURTADO, # 49894-177,<br>          Movant, | §<br>§<br>§ | |
| v. | §<br>§ | Civil No. 3:18-CV-879-M-BK<br>(Criminal No. 3:15-CR-307-M-18) |
| UNITED STATES OF AMERICA,<br>          Respondent. | §<br>§ | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, Movant's *pro se* motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 was referred to the United States Magistrate Judge. Upon review of the relevant pleadings and applicable law, and for the reasons that follow, the motion should be summarily **DISMISSED WITH PREJUDICE** as time-barred.

### I.   BACKGROUND

Hurtado pleaded guilty to conspiracy to distribute a controlled substance. Crim. Doc. 636. He was sentenced to 135 months in prison on November 29, 2016. *Id.* Hurtado did not file a direct appeal, so his conviction became final on December 13, 2016—when his time to do so expired. *See United States v. Plascencia*, 537 F.3d 385, 388 (5th Cir. 2008) (holding that a federal conviction becomes final for purposes of section 2255 upon the expiration of the time to file a direct appeal); *see also* FED. R. APP. P. 4(b)(1)(A)(i) (providing 14 days to file an appeal from the entry of a criminal judgment). Hurtado filed this section 2255 motion on April 10, 2018. *See* doc. 2.

Because Hurtado's § 2255 motion appeared to be filed after the statute of limitations expired, he was ordered to show cause why his § 2255 motion should not be dismissed with

prejudice as time-barred. See doc. 3. Hurtado's response largely restates his grounds for section 2255 relief; he adds only that his motion is timely in light of two recent Supreme Court decisions—*Class v. United States*, 138 S. Ct. 798 (2018), and *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018). See doc. 4 at 3.

## II. ANALYSIS

"[Section] 2255 establishes a '1-year period of limitation' within which a federal prisoner may file a motion to vacate, set aside, or correct his sentence under that section." *Dodd v. United States*, 545 U.S. 353, 356 (2005). It states:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

If Hurtado is attempting to rely on the holdings in *Class* or *Dimaya* to trigger section 2255(f)(3), his reliance is misplaced because neither case has any arguable relevance here. In *Class*, the issue was "whether a guilty plea by itself bars a federal criminal defendant from

challenging the constitutionality of the statute of conviction on direct appeal." 138 S. Ct. at 803. The Court held that certain types of claims raised on direct appeal—including a constitutional challenge to the statute of conviction—were not barred by the appellant's appeal-waiver, which was contained in his plea agreement. *Id.* at 805 (holding that the appellant's challenge to the constitutionality of a statute did "not fall within any of the categories of claims that Class' plea agreement forbids him to raise on direct appeal").  But Hurtado did not pursue a direct appeal, and he does not claim here that an appellate court improperly applied his appeal-waiver to bar his direct appeal claims.  As such, he cannot rely on *Class* to trigger section 2255(f)(3) in this post-conviction proceeding.

In *Dimaya*, the Supreme Court concluded that the phrase "crime of violence" in 18 U.S.C. § 16(b) is void for vagueness.  138 S. Ct. at 1210.  Yet Hurtado does not challenge section 16(b)—or any other criminal statute—as unconstitutionally vague.  Rather, his section 2255 motion challenges the government's conduct, his counsel's representation, and the voluntariness of his guilty plea—claims that do not implicate the reasoning or the rule of *Dimaya*.  *See generally* doc. 2.  Thus, section 2255(f)(3) does not save Hurtado's untimely motion.

Rather, section 2255(f)(1) controls here.  As set out above, Hurtado's conviction became final on December 13, 2016, and his statute of limitations expired one year later.  Consequently, Hurtado's section 2255—filed on April 10, 2018—is untimely.

Although the one-year statute of limitations may be equitably tolled, Hurtado is not entitled to equitable tolling.  To warrant equitable tolling, he must show that: (1) he has been pursuing his rights diligently; and (2) some extraordinary circumstance stood in his way to

3

prevent his timely filing.  *Lawrence v. Florida*, 549 U.S. 327, 336 (2007).   Hurtado has made no attempt at either showing, and no grounds for equitable tolling are apparent from the record.

### III.   RECOMMENDATION

For the foregoing reasons, it is recommended that the § 2255 motion be **DISMISSED WITH PREJUDICE** as time-barred.

**SIGNED**, June 13, 2018.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law.   Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.   *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).   To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and indicate where in the magistrate judge's report and recommendation the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.   Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.   *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *modified by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE